1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           SOUTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA ,          )      Civil No. 06-CV-0926-L
                                         )      Criminal No. 02-CR-2912-L
12                Plaintiff-Respondent,  )
     v.                                  )      **ORDER DISMISSING WITH**
13                                       )      **PREJUDICE PETITIONER'S**
                                         )      **MOTION UNDER 28 U.S.C. § 2255**
14   SAIFULLAH DURRANI,                  )      **TO VACATE, SET ASIDE OR**
                                         )      **CORRECT SENTENCE**
15                Defendant-Petitioner.  )
                                         )
16   _____)

17

18        On October 2, 2002, Petitioner Saifullah Durrani ("Petitioner") was charged in a three-count

19   Indictment with: 1) Conspiracy to Distribute Heroin and Hashish, in violation of Title 21, United

20   States Code, §§ 846 and 841(a)(1);  Conspiracy to Import Heroin and Hashish, in violation of Title

21   21, United States Code, §§ 852, 960, and 963;  and 3) Providing Material Support to a Terrorist

22   Organization, in violation of Title 18, United States Code, § 2339B.  On March 3, 2004, pursuant

23   to a written plea agreement, Petitioner pleaded guilty to Counts One and Three of the Indictment.

24        On April 24, 2006, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside

25   or correct sentence.  Respondent filed a response and opposition.  No reply was submitted by

26   Petitioner, and the time for doing so has expired.  The Court has reviewed the record, the

27   submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will

28   **DISMISS** Petitioner's motion.

                                                                        02cr2912/06cv926

**ANALYSIS**

In the instant motion brought under 28 U.S.C. § 2255, Petitioner contends that: 1) Petitioner's guilty plea was not knowingly and intelligently entered nor voluntary; 2) Petitioner's attorney did not provide him with a "viable defense;" 3) Petitioner was the victim of an illegal search; and 4) Petitioner was "kidnapped" from Hong Kong. Petitioner, however, fails to provide any factual or legal bases for his claims. Instead, Petitioner promises to provide a factual basis for all of his allegations in a "memorandum of points and authorities" to be filed at a later time. To date, no such memorandum has been filed.

Nevertheless, under the terms of the plea agreement, Petitioner agreed to waive any right to appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. *See* Plea Agreement ¶ XI.[1] During the plea proceedings, Petitioner clearly acknowledged that he understood, that by entering the plea agreement, he was waiving his rights to appeal and collateral attack. Petitioner was sentenced to fifty-seven months in custody, five years of supervised release and a $100 mandatory assessment on Count One; and fifty-seven months in custody, three years supervised release, and a $100 mandatory assessment on Count Three, to run concurrent with Count One. *See* Amended Judgment filed 5/10/06.

Because Petitioner does not challenge the validity of the waiver, the Court finds that the waiver should be enforced. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished

---

[1]

In exchange, the Government agreed to dismiss Count Two and to make the following recommendations: a three level sentencing adjustment for acceptance of responsibility on each remaining count; a two level reduction and relief from any statutory mandatory minimum sentence on Count One if Petitioner truthfully disclosed all relevant information and evidence and otherwise qualified under § 5C1.2 for such relief; and a sentence at the low end of the guideline range.

See Plea Agreement ¶ I, X.

1   his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory

2   evidence).

3        The scope of a § 2255 waiver may be subject to potential limitations. For example, a

4   defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under

5   Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and

6   voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where

7   the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed

8   violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a

9   waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving

10  ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014;

11  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992). In this case, none of these potential

12  limitations on the validity of Petitioner's waiver are applicable. First of all, the record indicates that

13  Petitioner knowingly and voluntarily entered into the Plea agreement and that the requirements of

14  Rule 11 were adhered to. Secondly, the sentence imposed by the Court was in accordance with the

15  negotiated agreement, and in accordance with the applicable sentencing guidelines.

16      With respect to Petitioner's ineffective assistance of counsel claim, the Sixth Amendment

17  to the Constitution provides that every criminal defendant has the right to effective assistance of

18  counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court enunciated the test

19  for determining whether a criminal defendant's counsel rendered ineffective assistance. In order to

20  sustain a claim of ineffective assistance of counsel, the petitioner has the burden of showing both:

21  1) that his defense counsel's performance was deficient; and, 2) that this deficient performance

22  prejudiced his defense. *Strickland* 466 U.S. at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036

23  (9th Cir. 1995).

24      To satisfy the deficient performance prong of the *Strickland* test, the Petitioner must show

25  that his counsel's advice was not "within the range of competence demanded of attorneys in criminal

26  cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong

27  presumption that counsel's conduct falls within a wide range of acceptable professional assistance."

28  *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed

by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland. See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2nd Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness). To satisfy the second prong, a section 2255 petitioner must show that he was prejudiced by the deficient representation he received. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Here, Petitioner has not identified any aspect of his trial counsel's performance that could be considered outside the range of competence demanded of attorneys in criminal cases.

The Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case. Accordingly, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: March 27, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

Saifullah Durrani
Prison No. 90278-022
MCC San Diego
808 Union Street
San Diego, CA 92101

U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101